IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02019-CMA-CBS

MARTIN TARABOCCHIA,

       Plaintiff,

v.

BALL AEROSPACE AND TECHNOLOGIES CORP.,
a Delaware Corporation,

       Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

Findings

1.     The claims raised by Plaintiff in this matter include, and are tied to, his

involvement with certain aspects of the Space-Based Space Surveillance ("SBSS") Program of

Defendant Ball Aerospace and Technologies, Corp. ("BATC").

2.     No aspect of the SBSS Program with which Plaintiff had any involvement was

classified.  Nevertheless, due to national security concerns, the U. S. Government customer of

BATC for the SBSS Program has designated SBSS Program materials (which in any document

production will be Bates numbered BALL 20,001 et seq., hereafter "SBSS Program Material") as

"For Official Use Only."  The technology involved in the SBSS Program is controlled for export

purposes under the U. S. International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120 - 130.

3.      BATC is subject to a contract clause in its SBSS Program contract ("Contract Clause"), attached hereto as Exhibit A, which precludes BATC from disclosing information regarding the SBSS Program to anyone not involved on that Program.

4.      The Contract Clause does not provide a basis for BATC's avoiding discovery of discoverable information related to the SBSS Program, be it in paper, electronic, or other form, or to preclude live testimony in depositions or any hearings in this matter.

5.      To the extent there are confidentiality concerns regarding SBSS Program Material, those concerns are addressed by the entry of this Order.

**WHEREFORE**, the Court orders as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.	"Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing:  (a) information about current or former employees of BATC, including personnel or personnel-related documents or internal memoranda, (b) all business information or records of BATC, including, but not limited to, SBSS Program Material, and (c) information concerning Plaintiff, whether provided by him or to him.

3.	Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.	By imprinting the word "Confidential" on the first page or cover of any document produced;

b.	By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.	With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.	All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.	It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit B has been signed.

5.    Each Individual authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. Moreover, each individual authorized to review SBSS Program Material pursuant to this Protective Order must be a "U. S. person", as defined in 22 C.F.R. § 120.15, and shall hold SBSS Program Material in confidence and shall not divulge SBSS Program Material, either orally or in writing, to any other person, entity or government agency unless authorized to do so by Court order. In no event shall any such individual divulge or make SBSS Program Material accessible to any "foreign person", as defined in 22 C.F.R. § 120.16, without prior authorization of the U. S. Department of State, Directorate of Defense Trade Controls, which administers ITAR.

6.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.    During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above

upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.     At the conclusion of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).  The parties have agreed, and are directed, that should either of them wish to use SBSS Program Material in any court filing or proceeding in this action, including but not limited to its use at trial, the SBSS Program Material shall be filed with a motion that the SBSS Program Material be kept under seal, at which time the Court will address the motion.

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall preserve the confidentiality of all Confidential Information received by their respective clients and, upon written request by counsel for the producing Party, on or about the expiration of six (6) years after termination of this litigation, including any appeals, **destroy or** return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 14th day of November, 2008.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**APPROVED BY:**

*s/ Mari Newman*
_____

Darold W. Killmer, Esq.
Mari Newman, Esq.
Sara J. Rich, Esq.
Killmer Lane & Newman LLP
1543 Champa Street, Suite 400
Denver, CO  80202-2981
Phone: (303) 571-1000
Fax:  (303) 571-1001
E-mail:  dkillmer@killmerlane.com
E-mail:  mnewman@killmerlane.com
E-mail:  srich@killmerlane.com

ATTORNEYS FOR PLAINTIFF


*s/ Charles W. Newcom*
_____

Charles W. Newcom
Sherman & Howard LLC
633 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 299-2900/(303) 299-8246
Fax: (303) 298-0940
E-mail: cnewcom@shermanhoward.com

ATTORNEYS FOR DEFENDANT

**Emp/331290v1**

8